**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 11-50974
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY LEE WELLINGTON, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-145-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Lee Wellington, Jr., was charged with three counts of possession
with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C.
§ 841(a)(1) and (b)(1)(C). He appeals the within-guidelines sentence imposed
following his guilty plea conviction for Count Three of the indictment.

Wellington contends that the district court clearly erred in determining
the quantity of drugs attributable to him for purposes of U.S.S.G. § 2D1.1.
Specifically, he argues that the quantities of crack cocaine alleged in Counts One

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and Two of the indictment should not have been included because he neither pleaded guilty to nor was convicted of those counts. He also argues that these quantities should not have been included as relevant conduct because the transactions alleged in those counts did not occur and, in the alternative, were not part of his plan or course of conduct.

The district court did not clearly err in concluding that Wellington committed the acts alleged in Counts One and Two of the indictment. *See United States v. Davis*, 76 F.3d 82, 84-85 (5th Cir. 1996); *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Although Wellington neither pleaded guilty to nor was convicted of these transactions, the district court was not prohibited from including them as relevant conduct because they did not increase his sentence beyond the 20-year statutory maximum term of imprisonment allowed for his offense of conviction. *See* § 841(b)(1)(C); *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir.), *cert. denied*, 131 S. Ct. 3006 (2011). Further, given the similarity, regularity, and close temporal proximity of the three transactions, the district court did not clearly err in concluding that they were part of the same course of conduct or common scheme or plan as the offense of conviction. *See United States v. Bethley*, 973 F.2d 396, 401 (5th Cir. 1992). To the extent Wellington argues that the similarity, regularity, and close temporal proximity of these transactions should have been discounted because they were the result of sentencing entrapment or sentencing factor manipulation, he has failed to show that the confidential informant or the Austin Police Department persuaded him to commit a greater criminal offense than he was predisposed to commit or that their conduct was overbearing or outrageous. *See United States v. Jones*, 664 F.3d 966, 984 (5th Cir. 2011), *petition for cert. filed* (May 2, 2012) (No. 11-1326); *United States v. Tremelling*, 43 F.3d 148, 151-52 (5th Cir. 1995). Therefore, the district court's relevant conduct determination was plausible in light of the record read as a whole, and Wellington has not shown that the district court clearly erred in determining the quantity of drugs attributable to

him for purposes of § 2D1.1. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

Wellington also contends that the district court clearly erred when it denied him a two-level reduction for his minor role in the offense pursuant to § 3B1.2(b). He argues that he was substantially less culpable than the confidential informant, who arranged and was present at each transaction.

Because Wellington was the only defendant and neither the undercover officer nor the confidential informant was a participant for purposes of § 3B1.2, *see* § 3B1.1, comment. (n.1); § 3B1.2, comment. (n.1), Wellington was not eligible for the minor role adjustment, *see* § 3B1.2, comment. (n.2). Further, even if the district court had accepted Wellington's self-serving declarations that he committed the offense at the confidential informant's request, his actions were not peripheral to the advancement of the illicit activity. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005). Therefore, Wellington has not shown that the district court clearly erred when it denied him a two-level reduction pursuant to § 3B1.2(b). *See id.* at 203-04.

Finally, Wellington contends that the district court erred when it denied him a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a). Wellington denied the transactions alleged in Counts One and Two of the indictment and objected to the presentence report's inclusion of the drug quantities involved in those counts as relevant conduct. The district court rejected Wellington's objection and concluded that, based on the information in the presentence report, the undercover officer's testimony at sentencing, and the Government's documentary evidence, Wellington committed the acts alleged in those counts. Therefore, the district court's denial of a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) is not without foundation. *See* § 3E1.1, comment. (n.1(A)); *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003).

Accordingly, the district court's judgment is AFFIRMED.

No. 11-50974